**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

SYLVESTER SEAL MURRAY

  Plaintiff,

v.             Case No. 09-cv-14743

DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE, AND
DRUG ENFORCEMENT AGENCY

  Defendants.
_____/

**ORDER SUMMARILY DISMISSING COMPLAINT**

  Before the court is Plaintiff Sylvester Seal Murray's *pro se* complaint, filed on December 7, 2009. Contemporaneous to filing his complaint, Plaintiff filed an application to proceed *in forma pauperis,* which was granted on January 6, 2010. Because the court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), the court may, and will, summarily dismiss Plaintiff's complaint as frivolous and for failure to state a claim upon which the court can grant relief, pursuant to 28 U.S.C. § 1915(e)(2).

**I. STANDARD**

  Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown*, 207 F.3d at 866.

To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II.  DISCUSSION

Plaintiff brings this civil action against Defendants under 28 U.S.C. § 1983 and for federal crimes under the internal revenue code, specifically I.R.C. §§ 7213,[1] 7214(a),[2] and 7215(b).[3]  (Compl. at 1-2.)  Plaintiff requests that the court enforce these federal statutes and "exercise it's authority to do justice under the principles of equity." (*Id.* at 5.)

---

[1]Section 7213 provides for criminal prosecution of an individual who discloses tax return information in violation of the internal revenue code.  I.R.C. § 7213.

[2]Section 7214(a) provides for dismissal from office and criminal prosecution of individuals who commit various fraudulent or criminal acts under the internal revenue code.  I.R.C. § 7214(a).

[3]Section 7215(b) provides for criminal prosecution of individuals who fail to properly collect or account for tax revenue under section 7512(b) of the internal revenue code.  I.R.C. § 7215(b).

The basis of Plaintiff's complaint is that the IRS, DEA, and Department of Treasury have colluded with the U.S. Attorney's Office to deprive him of his rights and his property over a period of approximately twenty-seven years.  (*Id.* at 22-28.)  Plaintiff claims that this collusion and fraud began with his arrest in 1982 when DEA and IRS agents confiscated approximately four million dollars during raids on his homes.  (*Id.* at 22.)  Plaintiff contends that the government agents only turned in half of the money they seized.  (*Id.*)  Following the raids, Plaintiff sued for return of the funds, at which time the IRS intervened and collected approximately $670,000, which Plaintiff claims was improperly and fraudulently applied to his tax account.  (*Id.* at 22-23.)  Plaintiff claims that this conduct continued throughout the following two decades.  (*Id.* at 22-28).  Plaintiff demands approximately $275,000,000 in damages plus equitable relief.  (*Id.* at 15-16.)

      The court finds that Plaintiff's complaint is legally frivolous.  Plaintiff brings his first claim pursuant to 42 U.S.C. § 1983.  Section 1983 provides a remedy for citizens of the United States against any person acting under color of state law, *see* 42 U.S.C. §1983 (2010), but Plaintiff's claim is against federal agencies, none of which is a person acting under color of state law.  Thus, Section 1983 provides no avenue of relief or support for Plaintiff's claim.  *See District of Columbia v. Carter*, 409 U.S. 418, 424-425 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [Section 1983's] proscriptions."); *Daly-Murphy v. Winston* 837 F.2d 348 (9th Cir. 1987) (stating that Section 1983 does not apply to federal officials acting under color of federal law); *Broadway v. Block*, 694 F.2d 979 (5th Cir. 1982) (stating that Section 1983 covers only deprivation of rights under state law).

Even if Plaintiff's complaint could be liberally construed as a *Bivens* action, it would be legally frivolous. "Under the *Bivens* doctrine, plaintiffs may sue federal officials for denying them their constitutional rights." *Humphrey v. U.S. Prob. Dep't*, No. 99-5252, 2000 WL 876773, at *2 (6th Cir. 2000). However, Plaintiff is not suing federal officials, but instead federal agencies, and a "*Bivens* claim may not be brought against a federal agency." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 435 (6th Cir. 2006) (citing *FDIC v. Meyer*, 510 U.S. 471, 475-86 (1994)); *see Smith v. FBI*, 22 F. App'x 523, 524 (6th Cir. 2001) (upholding dismissal of complaint as frivolous when plaintiff brought *Bivens* action against the Federal Bureau of Investigation).

Plaintiff's remaining claims are based on criminal statutes, the enforcement of which is vested in the Department of Justice, not private individuals. Plaintiff has not identified any federal statute which entitles him to relief, nor is the court aware of any such statute. Because Plaintiff's complaint lacks "an arguable basis in law," the court will dismiss Plaintiff's complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); *Brown*, 207 F.3d at 866.

Moreover, Plaintiff's allegations are factually insufficient to state a claim upon which relief may be granted, and for this reason as well the court must dismiss Plaintiff's complaint pursuant to §1915. *See* 28 U.S.C. §1915(e)(2)(B); *Brown*, 207 F.3d at 866. Plaintiff has not supported his conclusory accusations with factual allegations. *See Twombly*, 550 U.S. at 570. Because the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the court will dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 29, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522